# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ONDRAWS HOSLEY, : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:09-CV-379 (MTT) |
| VS. : | |
| : | |
| MICHAEL J. ASTRUE, : | |
| : | SOCIAL SECURITY APPEAL |
| Defendant. : | |
| _____ : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Ondraws Hosley's claim for benefits under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). Because this denial relies upon a residual functional capacity (RFC) determination that fails to account for all of the Plaintiff's impairments and/or the testimony of a Vocational Expert (VE) offered in response to an incomplete hypothetical question, **IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED and REMANDED**.

## PROCEDURAL HISTORY

On June 28, 2007, Plaintiff applied for supplemental security income, a period of disability, and disability insurance benefits. Plaintiff's applications were denied initially and upon reconsideration. Following a hearing before an Administrative Law Judge (ALJ), a written decision finding Plaintiff not disabled was issued. The Appeals Council refused to review this decision. Thereafter, on October 26, 2009, Plaintiff filed this action. Doc. 1.

**LEGAL STANDARDS**

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). Consequently, the Court's role in reviewing claims brought under the Social Security Act is quite narrow.

The Court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Court must, however, decide if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). The Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if it is supported by substantial evidence. Id.

When analyzing the issue of disability, the Commissioner must follow a five-step procedure. 20 CFR § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether or not the claimant is currently engaged in substantial gainful activity. Second, upon a finding that the claimant is not working, the Commissioner determines whether the claimant has any impairment

---

[1] Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).

which prevents the performance of basic work activities. Next, if the existence of such impairments has been found, the Commissioner determines whether the impairment(s) meets or equals the severity of one or more of the specified impairments listed in Appendix 1 of Part 404 of the regulations. If the claimant's impairments do not meet or equal a listed impairment, the Commissioner must proceed to evaluate the claimant's residual functional capacity (RFC) for work. Fourth, based on the claimant's RFC, the Commissioner determines whether the claimant is able to perform the physical and mental demands of his past work despite the impairments. Finally, and only where it has been determined that the claimant is unable to perform his or her past work, the Commissioner must determine whether there are sufficient numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and past work experience. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. Id.

## DISCUSSION

The Commissioner's decision should be **REVERSED and REMANDED** based on his failure to properly consider and/or incorporate into Plaintiff's RFC any limitations related to Plaintiff's severe impairment of mild depression.

At step two of the sequential evaluation process described above, the ALJ concluded that Plaintiff suffers from, among other things, the medically determinable severe impairment of mild depression. R. at 12. In accordance with pertinent regulations, before determining that Plaintiff's mild depression was a severe impairment, the ALJ must have first concluded that Plaintiff's mild

depression significantly limited his mental or physical ability to perform basic work activities. See 20 CFR § 404.1520( c), 20 CFR § 416.920( c). Because the ALJ determined at step three that Plaintiff's severe impairments did not meet or medically equal any listed impairment, the ALJ went on to consider Plaintiff's residual functional capacity. The ALJ found that **Plaintiff has the capacity to perform sedentary work that did not require more than occasional bending, stooping, or squatting or any lifting, reaching overhead, climbing scaffolds or ropes, crouching, kneeling, or working around hazards.** R. at 14-16. (emphasis added).

This RFC finding fails to address any limitation arising from the severe impairment of mild depression. In light of this omission, it is impossible to conclude that ALJ properly considered those limitations or that the RFC finding accurately describes Plaintiff's residual ability to work. In addition, this failure to properly consider Plaintiff's depression related limitations is further demonstrated by the ALJ's decision not to include within his step five examination of the VE any restriction or condition relating to a hypothetical claimant's mental or emotional limitations.

The ALJ used his incomplete RFC finding in formulating a hypothetical question for the Vocation Expert, whose testimony was the basis for the ALJ's finding at step five of the process. The Eleventh Circuit has held that, "in order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir.2002). Because the Vocational Expert testified based on an incomplete RFC, the record is insufficient to demonstrate that the Commissioner's decision was supported by substantial evidence.

Accordingly, and pursuant to Sentence Four of 42 U.S.C. 405(g), **IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** with instructions for the ALJ

to formulate a RFC which properly accounts for all of Plaintiff's impairments and, if necessary, to pose a hypothetical question to the VE that specifically accounts for each of Plaintiff's physical and mental limitations. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

      **SO RECOMMENDED** this 25th day of February, 2011.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge